Affirmed and Memorandum Opinion filed August 5, 2008








Affirmed and Memorandum Opinion filed August 5, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00385-CR

____________

 

DOMINIQUE BROMON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1055532

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Dominique Bromon, was convicted of felony murder
and sentenced to imprisonment for eleven years.  In seven issues, appellant
contends that the evidence is legally and factually insufficient, she received
ineffective assistance of counsel, and the trial court erred with respect to
the admission of evidence, an improper jury argument, and an instruction on the
defense of mistake of fact.  We affirm.  








I.  BACKGROUND

On
January 27, 2006, Officer Larry Sherwood of the Houston Police Department was
patrolling in the Alief area when he ran the license plate on a black SUV that
had been reported stolen two weeks earlier.  Appellant, the driver, occupied
the SUV with at least two other passengers.  Officer Sherwood requested backup
and decided to wait until backup arrived before activating his emergency
equipment.  As Officer Sherwood followed appellant into a pharmacy parking lot,
two backup units arrived and pulled into the back of the parking lot.  The
backup units attempted to block appellant from exiting the parking lot while
Officer Sherwood was behind her.  Appellant, however, made a right-hand turn
around the front of the two backup units, collided with one of the units, and
drove out of the parking lot.  The passengers asked appellant to stop, but she
refused. Two of the occupants jumped out of the SUV, and appellant continued to
drive.  The officers activated their emergency lights and sirens, and a
high-speed chase ensued.  

The
officers pursued appellant for approximately four miles.  During the chase,
appellant ran through two stop signs, and while speeding through the second
stop sign, she struck the side of Natasha Batiste=s car.  The impact was described as
an explosion, which ejected Batiste=s 12-year-old son from the vehicle. 
The child victim was thrown 75-80 feet from his vehicle and subsequently died
from multiple blunt force injuries.  After the collision, appellant jumped out
of the black SUV and ran from the police.  She was eventually caught and
arrested by the officers.  Appellant was charged by indictment for felony
murder.  The indictment alleged that while committing the felony of evading
arrest, appellant engaged in an act, to wit, running a stop sign, that was
clearly dangerous to human life resulting in the death of the victim.  After a
jury trial, appellant was found guilty and sentenced to 11 years= imprisonment.








On
appeal, appellant raises the following seven issues: (1) the evidence is
legally insufficient to support her conviction; (2) the evidence is factually
insufficient to support her conviction; (3) appellant received ineffective
assistance of counsel because her trial attorney failed to request an
instruction on a necessity defense; (4) appellant received ineffective
assistance of counsel because her trial attorney opened the door to her
extraneous offenses; (5) the trial court erroneously admitted three prejudicial
and inflammatory autopsy photographs; (6) the trial court erroneously overruled
her objection to an improper jury argument; and (7) the trial court erroneously
denied appellant an instruction on mistake of fact.  

II.  SUFFICIENCY OF THE EVIDENCE

In her first and second issues, appellant challenges the
legal and factual sufficiency of the evidence.  In a legal sufficiency review,
we view all the evidence in the light most favorable to the verdict and determine
whether a trier of fact could not have found each element of the offense beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young
v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
to their testimony.  Lancon v. State, 253 S.W.3d 699, 706-07 (Tex. Crim.
App. 2008).  Reconciliation of conflicts in the evidence is within the
exclusive province of the jury.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  We must resolve any inconsistencies in the testimony
in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim.
App. 2000).

In a factual sufficiency review, we review all the evidence
in a neutral light, favoring neither party.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  We then ask (1) whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the jury=s verdict seems clearly wrong and manifestly unjust,
or (2) whether, considering the conflicting evidence, the jury=s verdict is
against the great weight and preponderance of the evidence.  Id. at
414‑15, 417; Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App.
2003).        








          Appellant
contends that there is no or factually insufficient evidence of her intent to
commit felony murder because she did not intend to commit an act dangerous to
human life, to wit, running a stop sign, that resulted in the victim=s death. 
Appellant insists that she believed she had no other choice but to run the stop
sign to avoid a potentially dangerous collision with the patrol officers
pursuing her and nearby wreckers.  In short, appellant contends that there is
insufficient evidence on the element of intent because she did not intend to
commit an act that was clearly dangerous to human life that gives rise to
felony murder.  

The culpable mental state for the act of felony murder is
supplied by the mental state accompanying the underlying felony giving rise to
the act.  Murphy v. State, 665 S.W.2d 116, 120 (Tex. Crim. App. 1983). 
Thus, the intent accompanying the underlying felony in the instant case,
evading arrest, supplies the mental state for the act that is clearly dangerous
to human life, running a stop sign.  See id. (concluding that the
intent from the underlying offense of arson supplied the mental state for the
act of felony murder).  It was unnecessary for the State to prove that
appellant Aintentionally or knowingly@ committed the
underlying felony and Aintentionally or knowingly@ committed an act
clearly dangerous to human life.  See id.; see also Johnson v. State,
4 S.W.3d 254, 255 (Tex. Crim. App. 1999) (stating that the State need not prove
the mens rea accompanying the homicide for felony murder because the underlying
felony supplies the culpable mental state); Drew v. State, 76 S.W.3d
436, 454 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (same).  The
State was only required to produce sufficient evidence of intent on the
underlying offense of evading arrest.








Appellant does not challenge the sufficiency of the
evidence with respect to her intent to evade arrest.[1] 
Because the State was only required to produce sufficient evidence of intent on
the underlying offense of evading arrest and did so, appellant=s first and second
issues are without merit.  We overrule appellant=s first and second
issues.      

III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In her third and fourth issues, appellant contends that she
was denied effective assistance of counsel.  Specifically, appellant argues
that her trial counsel (1) failed to request an instruction on the defense of
necessity and (2) opened the door to her extraneous offenses.  To prove
ineffective assistance of counsel, appellant must demonstrate that: (1) her
counsel=s performance was
deficient because it fell below an objective standard of reasonableness; and
(2) there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have been different.  See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005). 

There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We also indulge a strong presumption that counsel=s actions were
motivated by sound trial strategy, and we will not conclude the action was
deficient unless it was so outrageous that no competent attorney would have
engaged in such conduct.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001).  We look to the totality of the representation and not to
isolated instances of error or to only a portion of the proceedings.  In the
absence of evidence regarding counsel=s reasons for the
challenged conduct, the record on direct appeal is simply undeveloped and
cannot adequately reflect the alleged failings of trial counsel.  Freeman v.
State, 125 S.W.3d 505, 506-507 (Tex. Crim. App. 2003).

A.  Ineffective Assistance of Counsel B Necessity Instruction








With respect to an instruction on the defense of necessity,
appellant must specifically admit to the charged offense to raise the defense. 
See Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999); Auston
v. State, 892 S.W.2d 141, 145 (Tex. App.CHouston [14th
Dist.] 1994, no pet.).  Appellant, however, refused to admit that she committed
the charged offense of felony murder.  Appellant=s failure to acknowledge
her criminal act deprived her of any entitlement to a necessity defense. 
Because appellant was not entitled to necessity as a defense, trial counsel may
have made the strategic decision not to request the instruction.  However, we
cannot speculate on counsel=s motives in the face of a silent record. 
See Thompson, 9 S.W.3d at 813-14.  We overrule appellant=s third issue.

B.  Ineffective Assistance of Counsel B Opening the Door

Appellant also argues that she received ineffective
assistance of counsel because trial counsel opened the door to her extraneous
offenses.  Specifically, trial counsel asked appellant on direct whether she
had any previous traffic citations or arrests, and appellant responded ANo.@  On cross, the
State impeached appellant with evidence of two previous citations for vulgar
language in a public place and fighting.[2] 
Although the State was permitted to question appellant on extraneous criminal
offenses, defense counsel=s question did not open the door to these
criminal acts.  Defense counsel asked the narrow question of whether appellant
had received any traffic violations.  To this narrow question, the State was
improperly allowed to admit evidence beyond simple traffic violations.  Because
defense counsel=s question was limiting and did not open
the door to extraneous criminal acts, we cannot find such conduct constitutes
ineffective assistance.[3] 
We overrule appellant=s fourth issue.        








IV.  AUTOPSY PHOTOGRAPHS

In
appellant=s fifth issue, she alleges that the trial court erroneously admitted
three autopsy photographs. Appellant argues that the photographs should have
been excluded under Rule 403 of the Texas Rules of Evidence because their
probative value was substantially outweighed by the danger of unfair
prejudice.  See Tex. R. Evid. 403.  When the trial court rules on a Rule
403 objection, we review the court=s ruling under an abuse of discretion
standard.  State v. Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App.
2005).  The test to determine if the trial court abused its discretion is
whether the action was arbitrary or unreasonable.  Id.  We will not
reverse a trial court=s ruling that is within the zone of reasonable disagreement. 
Id. at 440.  








In
determining whether the probative value of evidence is substantially outweighed
by the danger of unfair prejudice, we consider: (1) the probative value of the
evidence; (2) the potential to impress the jury in some irrational, yet
indelible, way; (3) the time needed to develop the evidence; and (4) the
proponent=s need for the evidence.  Erazo v. State, 144 S.W.3d 487, 489
(Tex. Crim. App. 2004). In determining the prejudicial effect of photographs,
we may consider: (1) the number of photographs; (2) their gruesomeness, detail,
and size; (3) whether they are in color; (4) whether they are taken close-up;
(5) whether the person in the photograph is clothed; and (6) other factors
unique to the situation.  Shuffield v. State, 189 S.W.3d 782, 787 (Tex.
Crim. App. 2006).  Autopsy photographs are generally admissible unless they
depict mutilation caused by the autopsy itself.  Salazar v. State, 38
S.W.3d 141, 151 (Tex. Crim. App. 2001) (quoting Rojas v. State, 986
S.W.2d 241, 249 (Tex. Crim. App. 1998)).  When photographs depict internal
organs that have been removed to portray the extent of the injury to the organs
themselves, the photographs are not considered to be depictions of mutilation
of the victim.  Id. at 151-52.  Alterations caused by the autopsy are of
minor significance if the disturbing nature of the photograph is primarily due
to the injuries caused by the appellant.  Hayes v. State, 85 S.W.3d 809,
816 (Tex. Crim. App. 2002).  Overall, the photograph must be helpful to the
jury.  Erazo, 144 S.W.3d at 491.

At issue
in this case are three autopsy photographs, State=s exhibits 28, 29, and 30.  Exhibits
28, 29, 30 are photographs of internal head injuries sustained by the victim in
the collision.  Exhibit 28 depicts a skull fracture and Adiffuse bleeding@ on the left side of the victim=s brain, while exhibit 29 depicts
another skull fracture and hemorrhaging on the right side of the victim=s brain.  Exhibit 30 depicts a different
angle of the victim=s skull to show the full length of the skull fracture.  The
medical examiner, Dr. Sara Chauvin, testified that the internal injuries
depicted in exhibits 28, 29, and 30 were caused by blunt force trauma from
being ejected from his car.  The photographs were admitted during the medical
examiner=s testimony and assisted her in
describing the location and nature of the injuries causing the victim=s death.  

The
photographs are post-card size, and only black and white copies are included in
the appellate record.  It took little time to develop the evidence of these
injuries.  The three photographs were chosen out of 40 and were the only
photographs admitted that depicted the internal injuries causing the victim=s death.  The photographs are quite
clinical in nature, and the fractures and hemorrhaging would not have been
visible to the jury without the photographs.  See Ripkowski v. State, 61
S.W.3d 378, 392-93 (Tex. Crim. App. 2001) (stating that photographs were highly
relevant to the manner of death because they showed bruising or other damage
that was attributable to the defendant=s actions but not externally
visible). 

After
considering the appropriate factors, we conclude the trial court did not abuse
its discretion by finding the relevance of the photographs was not
substantially outweighed by the danger of unfair prejudice.  We overrule
appellant=s fifth issue.








V.  JURY ARGUMENT

In appellant=s sixth issue, she contends that the
trial court erred in overruling her objection to an improper jury argument made
by the State.  Proper jury argument must fall within one of four areas: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3)
answer to opposing counsel=s arguments; or (4) a plea for law enforcement.  Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); Hernandez v.
State, 171 S.W.3d 347, 357 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  The State is allowed wide
latitude in drawing inferences from the evidence so long as the inferences
drawn are reasonable and offered in good faith.  Shannon v. State, 942
S.W.2d 591, 597 (Tex. Crim. App. 1996). 

Appellant contends that the trial court erroneously
overruled her objection to the State=s closing argument
that attempted to characterize the trial court=s opinion of the
case.  In explaining the
charge to the jury, the State argued the following:  

A[A]s you heard from the Judge
reading, the lesser offense of evading arrest or detention resulting in death. 
And you=ll remember Mr. Donnelly talked to
you about those lesser offenses, and he told you the fact that they may be in
the charge does not mean that the Judge thinks the defendant may only be guilty
of a lesser.  It does not in any way mean there=s any evidence to show she=s guilty of the lesser.@








Defense
counsel lodged an objection based on improper argument, and it was overruled. 
Appellant contends that the State, by stating the inclusion of the
lesser-included offenses does not necessarily mean the Judge thinks appellant
is only guilty of the lesser, improperly characterized the judge=s opinion of the case.  We disagree.  The
State=s argument
explained how a jury charge is developed and why the lesser-included offenses
were included in the jury charge.  The State is allowed wide latitude in drawing
inferences from the evidence, provided those inferences are reasonable, fair,
legitimate, and offered in good faith.  See id.  Viewing the argument in light of the facts adduced at
trial and in the context of the entire argument, we cannot conclude that the
State improperly characterized the trial court=s opinion of the
case. 

Even if
the prosecutor=s comment was improper, we cannot agree that any harm warrants the remedy
of reversal.  An improper comment during jury argument is considered a
non-constitutional error.  Martinez v. State, 17 S.W.3d 677, 692 (Tex.
Crim. App. 2000).  The standard in Rule 44.2 is applied to review the harm of
an improper jury argument and provides that a non-constitutional error that
does not affect substantial rights must be disregarded.  Tex. R. App. P.
44.2(b); Martinez, 17 S.W.3d at 692; Mosley v. State, 983 S.W.2d
249, 259 (Tex. Crim. App. 1998).  To determine the harm of an improper jury
argument, three factors are balanced: (1) the severity of the misconduct (the
magnitude of the prejudicial effect); (2) curative measures (the efficacy of
any cautionary instruction by the trial court); and (3) the certainty of the
conviction in the absence of misconduct (the strength of the evidence
supporting the conviction).  Martinez, 17 S.W.3d at 692-93. 

Although there was no curative instruction, the State=s comment is not
of such great magnitude to cause appellant severe prejudice.   A reading of the record indicates that
the State was simply explaining how this particular charge was developed, which
is permissible.  The complained-of comment was intended to explain the law
applicable to the case and to urge the jurors to make reasonable inferences and
deductions from the evidence.  The severity of the comment is minimal. 
Furthermore, there is strong evidence to support appellant=s conviction. 
Officers Richard Lowe and Sherwood, Walter Chizer, and Dr. Chauvin provided
overwhelming evidence that appellant committed the underlying offense of
evading arrest and committing an act clearly dangerous to human life that
resulted in the death of the victim.  Accordingly, we hold that the trial court
did not abuse its discretion in overruling appellant=s objection to the
State=s jury argument. 
We overrule appellant=s sixth issue.   








VI.  JURY CHARGE

In
appellant=s last issue, she argues that the trial court erred in refusing to give
an instruction on mistake of fact.  The defense of mistake of fact is codified
in section 8.02(a) of the Texas Penal Code, which provides that it is a defense
to prosecution if the actor, through mistake, formed a reasonable belief about
a matter of fact if her mistaken belief negated the kind of culpability
required for commission of the offense.  Tex. Penal Code ' 8.02(a).  AKind of culpability@ means Aculpable mental state.@  Beggs v. State, 597 S.W.2d
375, 377-78 (Tex. Crim. App. 1980).  When an accused creates an issue of
mistaken belief as to the culpable mental element of the offense, she is
entitled to a defensive instruction on mistake of fact.  Granger v. State,
3 S.W.3d 36, 41 (Tex. Crim. App. 1999) (quoting Miller v. State, 815
S.W.2d 582, 585 (Tex. Crim. App. 1991)).  








The issue is whether the evidence cited by appellant,
if believed, raises a mistake of fact defense by negating appellant=s culpable mental state.  Dockstader v. State, 233
S.W.3d 98, 107 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d);  Murchison v. State, 93 S.W.3d 239, 252
(Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  Here, appellant was charged with felony murder
under section 19.02(b)(3).  See Tex. Pen. Code ' 19.02(b)(3).  Section 19.02(b)(3) does not require a
culpable mental state with respect to the act of murder itself or the act that
is clearly dangerous to human life.  The culpable mental state the State was
required to prove was intent to commit the underlying offense of evading
arrest.   See Murphy,
665 S.W.2d at 120 (stating that the culpable mental state for the act of felony
murder is supplied by the mental state accompanying the underlying felony
giving rise to the act).  Thus, a mistake
of fact defense was available only if it negated the culpable mental state that
formed the basis of evading arrest.  Appellant testified that she believed she
had to run the stop sign to avoid colliding with officers and wreckers. 
Appellant=s mistaken belief that she had to run the stop sign
does not negate the culpable mental state on the underlying offense of evading
arrest.  Because the evidence does not raise mistake of fact, appellant was not
entitled to an instruction regarding her belief that she had to run the stop
sign.  Accordingly, the trial court did not err in denying the instruction.  We
overrule appellant=s seventh issue. 

 

We affirm the trial court=s judgment.

 

 

/s/        Frank C. Price

Senior Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed August 5, 2008.

Panel consists of Chief Justice
Hedges, Justice Boyce, and Senior Justice Price.*

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

_____________________________

* Senior Justice Frank C. Price
sitting by assignment.









[1]  Notwithstanding, the record contains sufficient evidence that appellant
intentionally or knowingly evaded arrest.  There is undisputed evidence in the
record that appellant refused to stop the vehicle she was driving after
officers activated their emergency lights and sirens.  The record reflects that
although appellant knew of the officers= attempt to pull her over, she continued to lead officers
on a four-mile chase.       





[2]  The record does not reflect that these criminal
citations resulted in an arrest.  Rather, it appears appellant was temporarily
detained and cited for the criminal offenses of vulgar language in a public
place and fighting. 





[3]  Although the extraneous criminal acts may have been
improperly admitted based on trial counsel=s
narrow question, we do not reach this issue because it is not before us.  The
issue, as briefed, challenges the effectiveness of trial counsel=s representation, not evidentiary error by the trial
court.